1817.

*Philadelphia.*      The Commonwealth *against* WOELPER and others.

*Thursday,*                    QUO WARRANTO.
January 9.

On informa-      IN this case, the Court had, at a former day in this term,
tions in nature
of a *quo war-*  rejected the motion for a new trial on this information; and
*ranto,* at com-  passed sentence of ouster against the defendants, and ad-
mon law,
where there      judged that they should pay the costs.
is no relator,
the Court can-
not give judg-      And now *Levy,* for the defendants, moved that the judg-
ment that the
defendant        ment against the defendants for costs should be set aside,
shall pay
costs; nor       contending that no costs could be given. In an information
have they au-    in nature of a *quo warranto,* at common law, there is no re-
thority to de-
clare that any   lator, nor ought there to be judgment for costs, but only a
part of the
fines shall go   *capiatur pro fine. Bull. N. P.* 211. *Rex* v. *Williams.* There
to the prose-    the information, in nature of a *quo warranto,* was held not
cutors.
                 to be within the stat. 9 *Ann. c.* 20.; and, therefore, there
could not be a judgment that the relator should recover his
costs, 1 *Burr.* 402. It is only by that statute the Courts
have authority to give judgment that the relator shall reco-
ver his costs of prosecution; and if judgment be for the
defendant, that the defendant shall recover his costs against
the relator. But that statute does not extend to *Pennsyl-
vania. Report of the Judges of the Supreme Court,* 3 *Binn.*
599. The relator is not liable for costs beyond his recogni-
sance. *Sayre on Costs,* 290.

*Binney,* contra. It is of no moment whether costs are
reached by a judgment or otherwise. The Court may inflict
a fine under which costs may be recovered. The judgment
that the defendant be taken to make fine for his usurpation,
is to be entered in addition to the judgment of *ouster.*
2 *Kyd on Corp.* 409.; and is not taken away by the stat. 5 &
6 *Will.* & *Mary, c.* 12. 3 *Bl. Com.* 398, 9. He cited 6 *Vin.*
322. *pl.* 7. *Gilb. Hist. C. B.* 214, 215.

*Levy,* in reply. The fine never exceeds six shillings and
eight pence. Why should it be exceeded here? At most

there was an indiscreet act on the part of the defendants. What remedy for costs would the defendants have if the verdict had been for them?

YEATES J. delivered the opinion of the Court. TILGHMAN C. J. absent.

We are satisfied, from the cases cited by the defendants' counsel, that on informations at common law, where there is no relator, the Court cannot give judgment that the defendant shall pay costs. What remedy would the defendants have for costs, if the verdict had passed in their favour? We have certified to the legislature, that the stat. of 9 *Ann. c.* 20. has not been extended by our practice.

Our powers vary from those of the English Judges. Whatever fines we may think proper to lay on the defendants, must go into the public treasury, and we have no authority to declare that any part of it shall go into the pockets of those who have carried on this prosecution. The judgment already entered remains still under our controul during the term.

Let the judgment of *ouster* stand, and that part of it which subjects the defendants to costs, be expunged; and we further sentence *each* of the defendants in the information to pay a fine of 6s. 8d.

Judgment for costs expunged.